UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ATLANTIC RECORDING CORPORATION,
a Delaware corporation, et al.,


                              Plaintiffs,

                                                      DECISION AND ORDER

                                                      07-CV-6139L

                  v.

JEFF DANGLER,


                              Defendant.
_____

## INTRODUCTION

Plaintiffs Atlantic Recording Corporation, Capitol Records, Inc., Virgin Records America,

Inc., Interscope Records, UMG Recordings, Inc., BMG Music, Sony BMG Music Entertainment, and

Arista Records LLC (collectively "plaintiffs") commenced this action against defendant Jeff Dangler

("Dangler") pursuant to 28 U.S.C. §§ 1331 and 1338(a) seeking a money judgment against Dangler

for copyright infringement. (Dkt. #1).   Dangler was personally served with process on March 28,

2007 (Dkt. #3) but has failed to appear or to answer the complaint.   On May 3, 2007, the Clerk of

the Court entered Dangler's default. (Dkt. #5).

Plaintiffs now move for default judgment pursuant to Fed. R. Civ. P. 55. (Dkt. #7). Plaintiffs seek minimum statutory damages pursuant to 17 U.S.C. §504(a)(2), in addition injunctive relief, and plaintiffs' costs in commencing this action.

## FACTUAL ALLEGATIONS IN THE COMPLAINT

According to the complaint, plaintiffs and/or their affiliate record labels are the copyright owners of eight particular sound recordings (the "Copyrighted Recordings"). Plaintiffs allege that Dangler, without their permission or consent, made use of an online media distribution system to download the Copyrighted Recordings, distribute them to the public, and/or make the Copyrighted Recordings available for distribution to others. Plaintiffs contend that proper notices of copyright pursuant to 17 U.S.C. §401 are visible on the respective album cover of each of the Copyrighted Recordings.

The complaint requests the following relief: (1) statutory damages pursuant to 17 U.S.C. §504(c) of $750 for each of the Copyrighted Recordings, for a total of $6,000.00; (2) attorneys' fees and costs pursuant to 17 U.S.C. §505; and (3) injunctive relief pursuant to 17 U.S.C. §§ 502 and 503.

## MOTION FOR DEFAULT JUDGMENT

Plaintiffs now move for default judgment, requesting $6,000.00 in statutory damages, an award of costs in the amount of $420.00, and an injunction barring Dangler from engaging in further violations of plaintiffs' copyrights, and ordering him to destroy any and all illegal copies of the Copyrighted Recordings.

After examining plaintiffs' application and the evidence submitted, and as set forth in greater detail below, I find that plaintiffs have failed to show their entitlement to the requested damages.

- 2 -

A hearing is necessary at which plaintiffs may present further proof regarding whether the defendant has been properly identified.

Fed. R. Civ. P. 55(b) provides in pertinent part that:

(b) Judgment. Judgment by default may be entered as follows:

* * *

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; * * * If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The Clerk has entered Dangler's default and plaintiffs have shown that they are entitled to judgment against Dangler based on his failure to respond to the allegations asserted in the complaint. However, the Court cannot take at face value that plaintiffs are entitled to the judgment that they seek.  Rather, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court. . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Indus. Services, Inc.*, 2004 WL 912916, *1 (W.D.N.Y. Apr. 01, 2004) (internal citations and quotations omitted); *see also Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95-96 (2d Cir.1993).  The Court, therefore, must evaluate the merits of the underlying claim and the relief sought.  *See Wagstaff-el v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir.1990).  Furthermore, the Second Circuit cautions that "defaults are generally disfavored and are reserved for rare occasions," and when there is doubt as to the propriety of default

- 3 -

relief, "the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

Based on the evidence plaintiffs presented, I am not convinced that default judgment in the manner requested by plaintiffs should be entered at this time.  Specifically, there are significant issues of fact regarding the identification of the defendant from his alleged "online media distribution system" username, an issue not addressed by the record.  *See Van Limburg Stirum v. Whalen*, 1993 WL 241464, at *4 (N.D.N.Y.1993)("A 'default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'")(quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l. Bank*, 515 F.2d 1200, 1206 (5th Cir.1975)).

Clearly, plaintiffs are entitled to relief if Dangler downloaded and distributed the Copyrighted Recordings without plaintiffs' consent.  The question this Court must decide is whether plaintiffs have proven that those circumstances exist here.  Although the complaint establishes that someone using the "KaZaA" online peer-to-peer file sharing service uploaded the Copyrighted Recordings, or otherwise offered them for distribution, the complaint does not identify details such as the time period during which the violations allegedly took place, or explain how that user, identified only by the username heavyjeffmc@KaZaA, was determined to be the defendant.

I conclude, therefore, that additional evidence concerning the alleged copyright violations is required, and thus a hearing is necessary pursuant to Fed. R. Civ. P. 55(b)(2) "in order to enable the court to enter judgment."

**CONCLUSION**

Plaintiffs' motion for default judgment (Dkt. #7) cannot be determined solely on the papers plaintiffs filed.  A hearing is required so that plaintiffs may present further proof regarding the issues identified above.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 23, 2007.

- 5 -